UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RENAE L. SNYDER,

        Plaintiff,

    v.                                  Civil No. 09-108-HA

                                      OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

        Plaintiff Renae L. Snyder seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Supplemental Security Income (SSI) benefits. This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

3- OPINION AND ORDER

meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here.  Plaintiff was twenty-eight years old at the alleged disability onset date and was thirty-three years old at the time of the ALJ's decision.  Plaintiff has

4- OPINION AND ORDER

a high school education and no relevant work experience.

Plaintiff protectively applied for benefits on October 17, 2003, alleging disability from impairments including: bipolar disorder, anxiety, and a panic disorder. Plaintiff's application was denied initially by an ALJ, but was remanded by the Appeals Council with instructions for a second ALJ to "further evaluate third party statements; re-evaluate the claimant's maximum residual functional capacity from February 2004-on; further evaluate the claimant's mental impairments and subjective complaints; and if necessary, obtain evidence from a medical expert." The ALJ conducted a hearing on April 30, 2003, at which he heard testimony from plaintiff, who was represented by counsel; plaintiff's roommate, Todd Stoltz; and a vocational expert (VE).

On June 16, 2008, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDING

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 19, Finding 1.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe impairments: bipolar disorder and a panic disorder. Tr. 19, Finding 2.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 22, Finding 3.

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

The ALJ determined that plaintiff has the RFC to perform a full range of work at all exertional levels but with several nonexertional limitations. Tr. 24, Finding 8. The ALJ determined that plaintiff was moderately limited in her ability to carry out instructions; to make judgments on simple work-related decisions; to interact appropriately with co-workers, supervisors, and members of the general public; and to respond appropriately to work pressures. *Id*.

At step four, the ALJ found that plaintiff has no past relevant work experience. Tr. 26, Finding 5.

At step five, the ALJ, after consulting with a VE, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 26, Finding 9.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) failing to obtain evidence from a medical expert as required by the Appeals Council, (2) failing to give controlling weight to the opinion of a treating physician, (3) improperly dismissing lay witness testimony, (4) improperly assessing plaintiff's RFC, and (5) identifying a job that was inconsistent with VE testimony. As a primary matter, the court notes that most of plaintiff's arguments rely on material misstatements of the record and are largely without merit.

1.  **Medical Expert Evidence**

Plaintiff argues that the ALJ erred in failing to obtain evidence from a medical expert as required by the Appeals Council. On remand the Appeals Council ordered the ALJ to obtain evidence from a medical expert to clarify the nature and extent of plaintiff's impairments "if

6- OPINION AND ORDER

necessary." Tr. 364. The Appeals Council did not require the ALJ to consult with a medical expert, but left the matter up to the ALJ's discretion. Upon remand, the ALJ evaluated new evidence submitted by plaintiff along with prior evidence and determined that a medical expert was unnecessary. In doing so, the ALJ did not violate the terms of the remand from the Appeals Council.

**2.      Treating Physician**

Plaintiff argues that the ALJ improperly rejected the opinion of treating psychiatrist Dr. T. Wheler. Doctor Wheler opined that plaintiff "is not able to work" because of her anxiety. Tr. 306. The opinion of a treating physician cannot be lightly disregarded. However, such opinions are "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ may reject the contradicted opinion of treating physician by stating specific and legitimate reasons supported by substantial evidence, and may reject an uncontradicted opinion by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

Plaintiff argues that the ALJ rejected Dr. Wheler's opinion after stating that Dr. Wheler had only seen plaintiff one time, when in fact, plaintiff had seen Dr. Wheler on many occasions. Plaintiff argued that "the ALJ's comment that he had seen her one time seems to reflect that the ALJ did not read the record." Pl.'s Br. 4. In fact, the ALJ noted that since the first decision, new evidence had been submitted into the record including Dr. Wheler's treatment notes from May 2004, through December 2005. Tr. 22. The ALJ then proceeded to discuss these treatment notes in detail before rejecting them. It appears that plaintiff's counsel did not read the ALJ's decision.

7- OPINION AND ORDER

The opinion of Dr. Wheler was contradicted by the opinion of examining physician Dr. Tom Dooley. The ALJ rejected Dr. Wheler's opinion because it was "inconsistent with claimant's activities of daily living and conservative treatment history," did not "address the claimant's credibility issues or noncompliance with treatment," and because his treatment notes conflicted with his assessment of complete disability. Tr. 22.

The reasons provided by the ALJ for rejecting the opinion of Dr. Wheler were specific, legitimate, and supported by substantial evidence in the record. The ALJ's interpretation of the evidence must be upheld even if the evidence is susceptible to more than one rational interpretation. *Thomas v. Barnhart*, 278 F.3d at 954.

### 3.     Lay Testimony

Plaintiff asserts that the ALJ erred in failing to credit the evidence presented by plaintiff's mother Carol L. Skavaril and plaintiff's roommate Todd Stoltz. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id*. at 512.

Here, the ALJ properly considered the lay witness testimony. The ALJ noted the discrepancy between their testimony and plaintiff's conservative treatment history and activities of daily living. Additionally, the ALJ noted that the personal relationships between the witnesses and plaintiff indicate that their statements were of suspect credibility. Tr. 26; *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In particular, the ALJ noted that Mr. Stoltz and plaintiff have a romantic relationship that they attempted to cover up. Plaintiff denies that this is

8- OPINION AND ORDER

the case and argues that there was no basis for the ALJ to come to this conclusion. However, Mr. Stoltz testified that he and plaintiff pool their financial resources, are "sometimes romantic," and "will kiss each other once in a while." Tr. 758. Moreover, plaintiff's mother described Mr. Stoltz as plaintiff's "boyfriend." Tr. 101. The ALJ's reasons for discounting the lay witnesses' testimony are germane to each witness; accordingly, this court concludes that the ALJ was justified in disregarding their testimony.

### 4.    Plaintiff's RFC

Plaintiff asserts the ALJ erred in evaluating her RFC. Plaintiff argues that the ALJ should have relied on the testimony of Dr. Wheler in establishing her RFC. This court has already rejected plaintiff's arguments with respect to the rejection of Dr. Wheler's testimony and need not do so again here.

### 5.    VE Testimony

Plaintiff argues that the ALJ erroneously concluded that plaintiff could work as an eyeglass polisher despite the fact that the VE testified that plaintiff could not do this because it required dealing with the public. The Commissioner concedes that the job of eyeglass polisher was not supported by the VE testimony. However, the ALJ identified two other jobs that were supported by the VE testimony that combine for a total of over 2.3 million jobs in the national economy. Def.'s Br. 7. Because the ALJ correctly identified two occupations that plaintiff could perform that exist in significant numbers in the national economy, the ALJ's error with respect to the eyeglass polisher job was harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## **CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are

9- OPINION AND ORDER

based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying Renae L.Snyder's application for benefits is AFFIRMED.

    IT IS SO ORDERED.

    DATED this  10   day of November, 2009.

                                 /s/ Ancer L. Haggerty  
                                  Ancer L. Haggerty  
                                United States District Judge